**P.F. LAZOR, Petitioner—Appellant,**

v.

**George INGLE, Acting Warden, Respondent—Appellee.**

No. 03–15882.

D.C. No. CV–96–01681–MCE/KJM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2004.

Decided May 11, 2004.

Allison Claire, Sacramento, CA, for Petitioner–Appellant.

James Ching, William V. Cashdollar, Sacramento, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM *

California state prisoner, and frequent Ninth Circuit litigator, P.F. Lazor appeals from the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Lazor seeks expungement of a disciplinary violation from his prison file, contending that the disciplinary conviction adversely affects his chances for parole.

The government argues that because Lazor never served time in the disciplinary unit or lost any "good time" credits as a

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

result of the violation, the case no longer presents an active case or controversy and is therefore moot.

We agree with the district court that the case is not moot. This violation has affected Lazor's parole determination in the past, and there is no showing that it will not be of consequence in the future.

Lazor claims that his Due Process rights were violated both by the allegedly retaliatory nature of the prison's investigation of his escape attempt and by the failure of the hearing officer to provide notice of the charges against him and to allow him to present a defense. Findings of a prison disciplinary board will generally be sustained where there is "some evidence" to support them. *Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Here the record contains ample evidence showing that Lazor had a full and fair opportunity to participate in the hearing process and supporting the disciplinary board's findings against him.

AFFIRMED.